Fatmir LUMAJ and Violina, Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–40523–AG.

United States Court of Appeals, Second Circuit.

March 29, 2006.

Parker Waggaman, Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Brian Hayes, Carole J. Ryczek, James P. Fleissner, Assistant United States Attorneys, for Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, Chicago, IL, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,** Chief District Judge.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit,

---

** The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fatmir Lumaj, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that denied Lumaj's claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Lumaj alleges he was persecuted in Albania because of his religion, political opinion, and particular social group. The IJ found Lumaj was not credible and, therefore, did not demonstrate eligibility for the relief he sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir. 2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

Lumaj's asylum application was denied based on the one-year filing deadline imposed by 8 U.S.C. § 1158(a)(2)(B), and he does not argue to this Court that the IJ erred in this regard. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) (citing *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998)). Further, we cannot review the IJ's adverse credibility finding as it relates to asylum or withholding of removal, because Lumaj did not raise with the BIA the claim that the IJ's credibility finding was erroneous, and thus failed to satisfy, with respect to this claim, the statutory exhaustion requirement. *See* 8 U.S.C. § 1252(d)(1); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 149 n. 1 (2d Cir.2006) (stating that where a petitioner has not raised an argument before the BIA, the reviewing court normally may not consider it since the "petitioner has failed to exhaust her administrative remedies"); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Finally, Lumaj did not challenge the IJ's denial of CAT relief before the BIA.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.